IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0564 |
| | § | |
| THE TRAE GROUP, INC., *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 18] filed by Plaintiff J&J Sports Productions, Inc. ("J&J"), to which Defendants The Trae Group, Inc. and Claire Phillips filed a Response [Doc. # 20]. Plaintiff neither filed a reply nor requested additional time to do so. Based on a review of the record and the relevant legal authority, the Court **denies** the Motion.

Plaintiff alleges that Defendants violated 47 U.S.C. § 553 and § 605 (the "Communications Act") by intercepting or otherwise receiving without authorization the closed-circuit telecast of the February 26, 2006 Fernando Vargas versus Shane Mosley Championship Fight Program ("Vargas/Mosley Fight") and exhibiting the telecast to patrons of their commercial establishment, C. Phil's Piano Bar & Grill. Defendants deny any violation of the Communications Act.

Summary judgment is proper only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c). Where, as here, the movant bears the burden of proof at trial on the issues at hand, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).  If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the non-movant's response. *ExxonMobil Corp.*, 289 F.3d at 375.

Plaintiff seeks summary judgment on the issue of Defendants' liability under the Communications Act for intercepting and exhibiting a broadcast of the Vargas/Mosley Fight.  In support of the Motion, Plaintiff relies on the affidavit of its investigator, Bryant Greer.  In a form Affidavit, Greer filled in blanks to state that he visited Defendants' establishment on February 25, 2006, paid a $3.00 cover charge, observed one television in the establishment, and the single television was broadcasting the Vargas/Mosley Fight.  *See* Affidavit of Bryant Greer, Exh. A-2 to Motion.  Greer also filled in blanks to state that the capacity of the establishment was

approximately "50" people, and that the bartender was an African-American female "5' 6" or so." *See id.*

In opposition to Plaintiff's Motion, Defendants submitted the affidavit of Defendant Claire Phillips. Phillips states that the maximum capacity of her establishment was approximately 40 people, that she has never charged a cover fee, and that she had three television sets that could be easily observed from the bar. *See* Claire Phillips Affidavit, Exh. 1 to Response. Phillips also states in her Affidavit that she was the only employee at the establishment and that she is 5' 2" tall. *See id.* Phillips states unequivocally and under oath that she did not intercept or exhibit the broadcast of the Vargas/Mosley Fight. *See id.*

There is a genuine dispute regarding the material facts in this case. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 18] is **DENIED**.

SIGNED at Houston, Texas, this **28th** day of **August, 2009**.

Nancy F. Atlas
United States District Judge