IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0564 |
| | § | |
| THE TRAE GROUP, INC., *et al.*, | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Reconsideration ("Motion") [Doc. # 23] filed by Plaintiff J&J Sports Productions, Inc. ("J&J"), to which Defendants The Trae Group, Inc. and Claire Phillips filed a Response [Doc. # 24], and Plaintiff filed a Reply [Doc. # 25]. Based on a review of the record and the relevant legal authority, the Court **denies** the Motion.

Plaintiff alleges that Defendants violated 47 U.S.C. § 553 and § 605 (the "Communications Act") by intercepting or otherwise receiving without authorization the closed-circuit telecast of the February 26, 2006 Fernando Vargas versus Shane Mosley Championship Fight Program ("Vargas/Mosley Fight") and exhibiting the telecast to patrons of their commercial establishment, C. Phil's Piano Bar & Grill. Plaintiff filed a motion for summary judgment, supported by the form affidavit of

Thomas P. Riley. Defendants filed a response to the motion for summary judgment, supported by the affidavit of Claire Phillips. The Court denied Plaintiff's Motion for Summary Judgment, finding that Defendants had presented evidence that raised a genuine issue of material fact.

Plaintiff has moved for reconsideration, asserting that the Court should not have relied on the Phillips affidavit because it is "not clear, positive and direct," because it does not raise a "material difference," and because Phillips withheld additional information from her affidavit. The Motion for Reconsideration is ripe for decision.

The Court's ruling on Plaintiff's Motion for Summary Judgment was entered August 28, 2009. Plaintiff filed the Motion for Reconsideration on September 18, 2009, more than ten (10) business days after entry of the Court's ruling. Where a party files a motion more than ten days after entry of the challenged order, the party must meet the standards of Rule 60(b) to obtain relief. *See, e.g., Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 327 n.1 (5th Cir. 2004) ("If the motion is filed within ten days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion; otherwise, it is treated as a Rule 60(b) motion.").

Rule 60(b) contains six limited, alternative grounds for relief:

(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic),

> misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

FED. R. CIV. P. 60(b). Plaintiff does not cite Rule 60(b) or identify any basis for relief under that rule.

Plaintiff argues that the Court should disregard Phillips's affidavit. Plaintiff did not, however, file a Reply challenging Phillips's affidavit before the Court ruled on the Motion for Summary Judgment. A motion for reconsideration is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004).

Additionally, the challenges Plaintiff now seeks to raise are without merit. Although Phillips in her affidavit conceded that she did not have a clear recollection of the specific night in question, she stated clearly, unequivocally and from personal knowledge that she is significantly shorter than the person described in the Riley affidavit, that her bar holds twenty percent (20%) fewer patrons than the bar described in the Riley affidavit, and that she has never charged a cover fee of $3.00 or any other amount. The Court found in connection with the motion for summary judgment -- and again finds in connection with the pending Motion for Reconsideration -- that this

evidence raises a genuine issue of material fact regarding whether the conduct described in the Riley affidavit occurred in Defendants' establishment.

Plaintiff also complains that Phillips stated in her affidavit that she was not disclosing all the facts that she believes question the accuracy of the Riley affidavit. Defendants are not required to present all relevant information in an affidavit opposing a motion for summary judgment; they need present only sufficient evidence to raise a genuine issue of material fact. The Court advises all parties, however, that any evidence not produced by the December 1, 2009, discovery deadline will not be admissible at trial.

Plaintiff has failed to satisfy the requirements of Rule 60(b) and, consequently, it is hereby

**ORDERED** that Plaintiff's Motion for Reconsideration [Doc. # 23] is **DENIED**.

SIGNED at Houston, Texas, this **2nd** day of **October, 2009**.

Nancy F. Atlas
United States District Judge